**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

**IN RE: KANDISE THOMAS-HUMPHREY,**                Case No. 04-41057-DOT
                              Debtor               Chapter 7

**SPECIALIZED YOUTH SERVICES OF VIRGINIA, INC.**
**t/a BERMUDA RUN EDUCATIONAL CENTER**

and

**WARREN G. BULL,**
                    Plaintiffs

v.                                                  Adv. Proceeding No. 05-03049

**KANDISE THOMAS-HUMPHREY**
                    Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on plaintiffs' motion to reconsider an order denying summary judgment in this adversary proceeding. Although the motion was set for hearing on February 1, 2006, the court finds no hearing is necessary and the motion will be denied. Plaintiffs have simultaneously filed a motion for relief in debtor's main case, also set for hearing on February 1, 2006. As both matters are best addressed together, the court finds no hearing is necessary on this motion and it too will be denied.

**Procedural History.**

After the commencement of debtor's bankruptcy case, plaintiffs were awarded a default judgment against debtor in the Chesterfield County Circuit Court comprising both monetary and injunctive relief. Plaintiffs initiated this adversary proceeding to determine the dischargeability of the resulting judgment debt. This court, in its order denying summary judgment, found the

1

circuit court judgment was void as a violation of the automatic stay and therefore could not form the basis for establishing the existence of a non-dischargeable debt under 11 U.S.C. § 523(a)(6).

Plaintiffs seek clarification of the court's ruling with regard to the injunctive relief awarded by the circuit court. To recapitulate, this court held that the state court judgment was a violation of § 362(a)(1), which stays the continuation of all judicial proceedings commenced before the filing of the bankruptcy petition. Consistent with the statute's broad interpretation to include a stay of proceedings for injunctive as well as monetary relief, both the judgment for monetary damages and the injunctive relief granted by the circuit court post-petition are void as violations of the stay.

## Relief Requested and Conclusions of Law.

Plaintiffs ask the court to reconsider its ruling, to vacate the order, and to award summary judgment. In support of their motion, plaintiffs cite the court's power to annul the automatic stay; moreover, they have given the court an opportunity to do so by filing a motion for relief from stay in debtor's chapter 7 bankruptcy case. As a preliminary matter, the court will first address the motion for relief from stay filed in debtor's main case.

REQUEST TO ANNUL THE STAY

Plaintiffs move the court to retroactively annul the stay for cause pursuant to § 362(d). Plaintiffs cite Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 977 (1st cir. 1997), a case holding that violations of the stay are void, for the proposition that a bankruptcy court may be warranted in using its annulment powers when the creditor inadvertently violates the automatic stay because it had no notice of the bankruptcy filing or when debtors act in bad faith. Soares further stated that each case should be judged on its own merits. Id. Although retroactive

relief may be appropriate in some circumstances, the court is not persuaded that it is appropriate here to validate a substantial monetary award that purports to be excepted from debtor's discharge in bankruptcy.

Plaintiffs first allege they had no notice of debtor's bankruptcy filing after commencing the state court case and thus continued the litigation, which resulted in a default judgment. The facts plainly show that plaintiffs had no notice of the petition until debtor informed them of her filing on April 1, 2005. Lack of notice, however, is generally an issue only when a debtor seeks sanctions for a creditor's willful violation of the stay pursuant to § 362(k). As that is not in issue in this case, lack of notice does not appear to be a compelling reason to annul the stay.

Plaintiffs also allege debtor's bad faith in her failure to list the judgment debt on her schedules and her efforts to prolong the state court litigation. Debtor's pleadings filed in the adversary proceeding, along with testimony at the hearing on motion for summary judgment, persuade the court that debtor's failure to list plaintiffs as creditors was not in bad faith. At the time debtor filed her petition, the litigation was not reduced to judgment, and hence there was no debt to schedule. Moreover, as debtor is acting *pro se*, she may have been unaware of the protection offered by the automatic stay of § 362(a) and concomitantly her obligation to notify the state court that the action was stayed. It would therefore be unduly harsh to charge debtor with bad faith in this circumstance.

In sum, the court does not find sufficient grounds exist for annulling the automatic stay, and the default judgment obtained in state court must be considered invalid against debtor. The court will, however, allow plaintiffs relief to return to state court so they may seek an injunction against debtor, provided the relief sought is not barred by § 362(a)(1).

REQUEST TO VACATE ORDER AND AWARD SUMMARY JUDGMENT

As plaintiffs' motion to rehear asks the court to reconsider its ruling on the basis of its power to annul the stay, and the court has declined to exercise that power in this circumstance, no basis exists to reconsider or vacate the prior order. The court notes that even if effect were given to the circuit court's default judgment via annulment of the stay, plaintiffs' collateral estoppel argument propounded in their motion for summary judgment would still fail. Although the circuit court found that defendant "willfully and maliciously committed libel against plaintiffs," it is not certain the circuit court's characterization of her conduct fits within the meaning of "willful and malicious" as required by § 523(a)(6). Because a genuine issue of material fact exists as to whether the debt is of the kind specified in § 523(a)(6), summary judgment is inappropriate, and trial is needed to make this factually-intensive determination. See Fed. R. Bankr. P. 7056 (making applicable to bankruptcy proceedings Fed. R. Civ. P. 56(c), which provides summary judgment shall be granted where "there is no genuine issue as to any material fact"). Defendant is not collaterally estopped from presenting evidence to show this element of plaintiffs' case has not been established.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion for relief from stay is **DENIED** except to the extent plaintiff may return to state court to seek injunctive relief that is not in violation of the stay under § 362(a)(1); and

**IT IS FURTHER ORDERED** that plaintiff shall submit an order granting relief for the limited purpose of returning to state court as detailed above; and

      **IT IS FURTHER ORDERED** that plaintiffs' motion to rehear and reconsider and to vacate the order denying summary judgment entered December 21, 2005, is **DENIED**.

Signed this date: _____

                                            Douglas O. Tice Jr.
                                            DOUGLAS O. TICE JR.
                                            CHIEF JUDGE
                                            UNITED STATES BANKRUPTCY COURT

**Copies to:**

John J. Trexler
Hairfield, Morton, Watson, Adams & Sommers, PLC
2800 Buford Road, Suite 201
P.O. Box 35724
Richmond, VA 23236
*Counsel for Plaintiffs*

Kandise Thomas-Humphrey
10906 Sassafras Drive
Hopewell, VA 23860
*Pro Se Debtor*